IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:12-CV-140 (CAR) |
| TINA RESTIVO, "AND ALL OTHERS," | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER ON PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Bank of America, N.A.'s ("BOA") Motion to Remand [Doc. 5] the instant action to the Magistrate Court of Walton County, Georgia, removed by Defendant Tina Restivo to this Court. For the foregoing reasons, BOA's Motion to Remand [Doc. 5] is **GRANTED**.

On October 2, 2012, BOA foreclosed on the property located at 1020 Bradley Gin Lane, Monroe, Walton County, Georgia (the "Property") pursuant to a foreclosure sale, thereby rendering BOA owner of the Property. Following the sale, Defendant failed to relinquish possession of the Property, despite receiving notice to vacate. As a result, BOA filed a dispossessory action against Defendant in the Magistrate Court of Walton County, Georgia, seeking to remove Defendant from the foreclosed Property.

On October 30, 2012, Defendant, proceeding *pro se*, removed the instant action to this Court. In her Notice of Removal, Defendant stated that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). In what appears to be asserted as counterclaims against BOA, Plaintiff alleges BOA deprived her of her property without due process of law in violation of the Fourteenth Amendment and alleges that BOA violated various federal statutes.

Removal to federal court is proper for "[a]ny civil action brought in State court of which the district courts of the United States have original jurisdiction."[1] Federal courts are courts of limited jurisdiction and only have the power to hear cases that they have been authorized to hear by the United States Constitution or the United States Congress.[2] However, because federal jurisdiction is limited, the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.[3]

Defendant has attempted to invoke this Court's federal question jurisdiction pursuant to 18 U.S.C. § 1331. In determining whether jurisdiction exists, a court must look to the well-pleaded complaint alone.[4] Thus, to meet her burden, Defendant must show that BOA's complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction.

---

[1] 28 U.S.C. § 1441(a).
[2] *Burns v. Winsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).
[3] *Id.*
[4] *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Here, BOA relied exclusively on state law when it filed a dispossessory petition in the Magistrate Court of Walton County. No federal question is presented on the face of BOA's complaint. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely within the state court system.[5] To the extent that Defendant argues that BOA's dispossessory action violates federal law, a federal statute, a federal cause of action within a counterclaim, or a federal defense is not a basis for removal jurisdiction.[6]

Additionally, in the event Defendant is attempting to invoke this Court's diversity jurisdiction, the Court still lacks requisite jurisdiction because BOA's Complaint does not satisfy the amount in controversy. District courts only have original jurisdiction pursuant to 28 U.S.C. § 1332 where the civil action is between "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000."[7] Here, BOA's complaint is nothing more than a request for possession of real property belonging to BOA. A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy.[8]

---

[5] O.C.G.A. §§ 44-7-50, *et seq*.

[6] *Wesley Apt. Homes, Inc. v. Andrews*, No. 1:10-cv-3005-TWT-LTW, 2010 WL 5690356, at *2 (N.D. Ga. Dec. 7, 2010); *see Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law … nor one based on federal preemption … renders an action brought in state court removable.").

[7] 28 U.S.C. § 1332(a)(1).

[8] *CitiMortgage, Inc. v. Shinoja*, No. 1:10–cv–816–TCB, 2010 WL 1485674, at *3 (N.D. Ga. Apr. 13, 2010); *Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07–CV–2864–RWS, 1:07–CV–2865–RWS, 2008 WL 115096, at *2

Based on the foregoing, Plaintiff's Motion to Remand [doc. 5] is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the cause is hereby **REMANDED** to the state forum for further proceedings because this Court lacks subject matter jurisdiction.  The Clerk of the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the Magistrate Court of Walton County, Georgia, CAFN: 12-3576DS.

**SO ORDERED,** this 5th  day of March, 2013.

> S/  C. Ashley Royal
> C. ASHLEY ROYAL
> UNITED STATES DISTRICT JUDGE

LMH

---

(N.D. Ga. Jan. 9, 2008); *Novastar Mortg. Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002).